UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE; JOHN DOE 1 to 1000,<br><br>Defendants. | Case No.: 3:22-cv-01855-JAH-LR<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Steven Wayne Bonilla, proceeding pro se and currently incarcerated at California Medical Facility in Vacaville, California, has filed a civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Plaintiff requests compensatory damages, moves to vacate his conviction in Alameda County Superior Court, and seeks to discharge his "false imprisonment" based on claims that prosecutors "deliberately and knowingly fabricated false evidence" and conspired with other unnamed public officials, including judges, to deny him due process. *Id.* at 3, 7; *see also* ECF 1-2 at 5–9.

///

### I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a failure to pay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, and even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not paid the $402 in filing and administrative fees required to commence this civil action, nor has he filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

### II. Conclusion and Order

Accordingly, the Court: (1) **DISMISSES** this civil action without prejudice for failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and (2) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) pay the entire $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

The Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $402 civil filing fee *or* complete and file the enclosed Motion to Proceed IFP with the Clerk within 45 days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a) and without further Order of the Court.[2]

**IT IS SO ORDERED.**

Dated: November 28, 2022

_____
Hon. John A. Houston
United States District Judge

---

[2] Plaintiff is cautioned that if he chooses to re-open this case by either prepaying the full $402 civil filing fee, or by submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he has paid the full $402 filing fee at once, or is granted leave to proceed IFP and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").